UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

BONNIE KRAMER, ET AL., : CASE NO.1:07-CV-1040

        Plaintiffs, :

vs. : OPINION & ORDER
: [Resolving Doc. No. 26]
RTA- GREATER CLEVELAND :
REGIONAL TRANSIT AUTHORITY, :

        Defendant. :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Greater Cleveland Regional Transity Authority ("RTA") asks the Court to grant its motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. [Doc. 26.] Plaintiff opposes Defendant's motion. [Doc. 29.] For the reasons stated below, this Court **DENIES** in part and **GRANTS** in part the Defendant's motion for a more definite statement.

I. Background

On April 9, 2007, Plaintiffs Bonnie Kramer ("Kramer") and Disabled Patriots of America, Inc. ("Disabled Patriots") filed a complaint against Defendant RTA alleging several violations of the Americans with Disabilities Act (ADA) and the Rehabilitation Act. [Doc. 1.] On June 18, 2007, Defendant RTA filed a motion to dismiss the complaint for failure to state a claim. [Doc. 9.] The Plaintiffs opposed the motion to dismiss and filed a motion to amend the complaint on July 31, 2007. [Docs. 14, 15.] This Court then permitted Plaintiffs to amend their complaint and denied Defendant's motion to dismiss on the grounds that it was moot. [Docs. 18, 19.] On August 8, 2007,

Case No.1:07-CV-1040
Gwin, J.

Plaintiffs filed an amended complaint against the Defendant RTA. [Doc. 20.] Defendant then moved for a more definite statement, arguing that the Plaintiffs' amended complaint is vague and ambiguous. [Doc. 26.] The Plaintiffs opposed the motion. [Docs. 29.] Defendant filed a reply in support of its motion for a more definite statement on September 13, 2007. [Doc. 30.]

## II. Discussion

Defendant RTA argues that the Plaintiffs' complaint is "so vague and ambiguous that Defendant RTA- Greater Regional Transit Authority ('RTA') cannot provide a responsive pleading." [Doc. 26.] This Court, for the most part, disagrees.

Rule 8 of the Federal Rules of Civil Procedure governs the sufficiency of the complaint. Fed. R. Civ. P. 8. It is well established that Rule 8 requires only simple notice pleading. A complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In interpreting the requirements of Rule 8, the Supreme Court has held, "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The pleading requirement of a short and plain statement applies to actions brought under the Americans with Disabilities Act (ADA) and the Rehabilitation Act. *See Knapp v. City of Columbus,* 93 Fed.Appx. 718 (6th Cir. 2004).

Defendants argue, however, that Plaintiffs should be required to amend their complaint pursuant to Rule 12(e) to include more definite statements regarding the locations, services, dates, and specific barriers involved in the discrimination allegedly experienced by the Plaintiffs. Rule 12(e) of the Federal Rules of Civil Procedure states:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for

-2-

Case No.1:07-CV-1040
Gwin, J.

> a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and details desired.

Fed. R. Civ. P. 12(e).  The Court notes that motions for a more definite statement are not favored and rarely granted.  *Parus v. Cator,* No. 05-C-0063-C, 2005 WL 1458770 (W.D. Wis. 2005).  Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court.  *Id.* at *3.  The trial court makes this determination after considering "the minimal duty imposed . . . by the federal pleading rules and the possibility that [the defendant] might be prejudiced by attempting to answer the pleading in its existing form."  *Id.* (citing 5A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1377 (1983)).

Given the liberal Rule 8 notice pleading standard, this Court is hard pressed to find that the Plaintiffs have not met their requirement.  Here, while the facts presented are somewhat sparse, they do not generally warrant a Rule 12(e) remedy.  *See, e.g., Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002) (motions for a more definite statement are not to be granted merely because the pleading lacks detail, but only when a party is unable to determine the issues requiring a response); *Boothe v. TRW Credit Data*, 523 F. Supp. 631, 635 (S.D.N.Y. 1981) (stating that a 12(e) motion should be granted only where the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it").

At the complaint stage, Plaintiffs are not required to allege with specificity the discriminatory facilities or barriers that they encountered.  Rule 12(e) motions are "not to be used as a substitute for discovery." *Innovative Digital Equipment, Inc. v. Quantum Technology, Inc.,* 597 F.Supp. 983, 989 (N.D. Ohio 1984).  The Defendant's request that Plaintiffs identify with particularity in their complaint which of the 10,000 RTA facilities violate the ADA and Rehabilitation Act imposes an onerous burden on the Plaintiffs that runs counter to the principles of basic notice pleading.  The

Case No.1:07-CV-1040
Gwin, J.

Plaintiffs have provided a lengthy, non-exhaustive list of ADA and Rehabilitation Act violations that they have allegedly suffered on property owned or operated by the Defendant in their amended complaint, and this Court is satisfied that such pleading satisfies the Plaintiffs' Rule 8 obligations. [Doc. 20.]

Similarly, plaintiffs do not need to allege specific dates or times of potential ADA or Rehabilitation Act violations, as long as they claim that the violations are ongoing. *See Dorsey v. American Golf Corp.,* 98 F.Supp.2d 812, 817-18 (E.D. Mich. 2000). In this case, Plaintiffs clearly allege that the ADA and Rehabilitation Act violations are ongoing and continuous because they seek declaratory and injunctive relief on both counts. [Doc. 20.]

The Court is not insensitive to Defendant's argument that the facts presented are few. Any insufficiencies as to specific facts and allegations, however, will be revealed through the discovery process and at the summary judgment stage. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ("[Rule 8(a)(2)'s] simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.").

This Court does agree with Defendant, however, that Plaintiffs must amend their complaint to include at least a short description of the disabilities from which they suffer. The Sixth Circuit requires that complaints brought under the Americans with Disabilities Act must notify the defendant of the "claimed impairment" experienced by the plaintiff in order to meet Rule 8 pleading requirements. *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 854 (6th Cir. 2001). Additionally, the plaintiff "would be wise to mention her specific limited major life activity, but failing to do is not fatal to her complaint." *Id.* In this case, Plaintiff Kramer stated that she suffers from multiple sclerosis and is wheelchair bound in her opposition to the Defendant's motion for a more definite

-4-

Case No.1:07-CV-1040
Gwin, J.

statement, but she never alleged the nature of her disability, or the disabilities of the members of the Disabled Patriots of America, Inc., in the complaint.  Plaintiffs must amend the complaint to include the nature of their disabilities in order to provide fair notice to the Defendant.

### III. Conclusion

This Court instructs Plaintiffs to amend their complaint to put Defendant on notice of the general nature of their disabilities. Beyond that amendment, however, the Court is satisfied that Plaintiffs' complaint satisfies the Rule 8 pleading requirements of the Federal Rules of Civil Procedure.  The Plaintiffs do not need to include additional information in their complaint regarding the RTA locations they attempted to access, the RTA transportation services they tried to use, the time frame in which the alleged violations occurred, or the types of barriers to access that they encountered.  For these reasons, the Court **DENIES** in part and **GRANTS** in part the Defendant's motion for a more definite statement.

IT IS SO ORDERED.


Dated: September 14, 2007                         s/         *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE