UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| BONNIE KRAMER, ET AL., | : | CASE NO. 1:07-CV-1040 |
| Plaintiffs, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. No. 38, 39] |
| RTA- GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, | : | |
| Defendant. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 6, 2007, Plaintiffs Bonnie Kramer ("Kramer") and the Disabled Patriots of America, Inc. ("Disabled Patriots") moved this Court for leave to file a third amended complaint and for a voluntary dismissal of Plaintiff Disabled Patriots. [Doc. 38.] Defendant Greater Cleveland Regional Transit Authority ("RTA") opposes the motion. [Doc. 40.] After consideration of the facts and applicable law, this Court gives the Plaintiffs notice of its intent to dismiss Plaintiff Disabled Patriots with prejudice under Rule 41(a) of the Federal Rules of Civil Procedure.

I. Background

On April 9, 2007, Plaintiffs Bonnie Kramer and Disabled Patriots of America, Inc. filed a complaint against Defendant RTA alleging several violations of the Americans with Disabilities Act (ADA) and the Rehabilitation Act. [Doc. 1.] On August 8, 2007, the Court granted leave for the Plaintiffs to amend their complaint. [Doc. 18.] The Plaintiffs then filed their first amended complaint. [Doc. 20.] With the Court's leave, the Plaintiffs filed a second amended complaint on

Case No. 1:07-CV-1040
Gwin, J.

September 18, 2007. [Doc. 32.] On November 6, 2007, the Plaintiffs filed the present motion for leave to file a third amended complaint. [Doc. 38.] Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the Plaintiffs seek to file an amended complaint that withdraws Plaintiff Disabled Patriots as a party to the litigation and limits the scope of relief to remedial measures relevant to discriminatory barriers against wheelchair bound persons with disabilities. *Id.* Defendant RTA opposes this motion. [Doc. 40.] On November 12, 2007, the Plaintiffs also moved for an extension of time to respond to the Defendant's discovery requests. [Doc. 39.]

## II. Discussion

Plaintiffs seek leave to amend their complaint for a third time pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that a district court may grant a party leave to amend a pleading and instructs that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Plaintiffs, however, seek to amend their complaint for the purpose of withdrawing Plaintiff Disabled Patriots as a party in the litigation. Plaintiff Disabled Patriots essentially moves the Court for the voluntary dismissal of its claims without prejudice. The Plaintiffs' motion, therefore, is best construed as a voluntary motion to dismiss by the Plaintiff Disabled Patriots under Rule 41(a) of the Federal Rules of Civil Procedure.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides in pertinent part: "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2).

The Sixth Circuit has held that the last sentence of Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion to dismiss

Case No. 1:07-CV-1040
Gwin, J.

without prejudice. *United States v. Tonawanda Trail,* 95 F.3d 422, 425 (6th Cir. 1996) (internal citations omitted). District courts seeking to dismiss a complaint with prejudice in response to a plaintiff's motion to dismiss without prejudice must follow a three prong process. *Id.* at 425-26.

First, the court must give the plaintiff notice of its intent to dismiss with prejudice. *Id.* Second, the plaintiff must have an opportunity to be heard in opposition to dismissal with prejudice. *Id.* Third, the plaintiff is entitled to an opportunity to withdraw the voluntary dismissal request and proceed with the litigation. *Id.* The Sixth Circuit notes that the third requirement is "essential because, unlike a dismissal without prejudice, a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation." *Id.* at 426.

In this case, the Court finds that Plaintiff Disabled Patriots' claims, if they are to be dismissed at all, should be dismissed with prejudice. The present lawsuit was filed over seven months ago. The Court has already permitted the Plaintiffs to file two amended complaints. Defendant RTA has expended significant time and resources in conducting discovery and defending the lawsuit as it relates to Plaintiff Disabled Patriots. If the Court were to allow Plaintiff Disabled Patriots to withdraw from this case without prejudice, the Defendant would be substantially prejudiced because the Plaintiff could re-file its claims at a later date in a new case. This Court, therefore, finds that the interests of judicial economy and fairness to the parties require that, if Plaintiff Disabled Patriots seeks to dismiss its claims, such a dismissal must be with prejudice.

### III. Conclusion

For these reasons, the Court gives the Plaintiffs notice of its intent to dismiss Plaintiff Disabled Patriots' claims with prejudice under Fed. R. Civ. P. 41(a)(2). The Plaintiffs shall have until December 6, 2007 to either: 1) submit their written opposition to the dismissal with prejudice,

Case No. 1:07-CV-1040
Gwin, J.

or 2) withdraw their request for a voluntary dismissal and proceed with the litigation as scheduled by the Court. If the Plaintiffs oppose the dismissal with prejudice of Plaintiff Disabled Patriots' claims by written objections, the Defendant shall have until December 13, 2007 to respond.

If the Plaintiffs do not object within the stated time period to the Court's dismissal with prejudice of Plaintiff Disabled Patriots of America, Inc., then the obligation of Plaintiff Disabled Patriots to respond to party discovery requests will thereby be terminated. Otherwise, the Plaintiffs are expected to abide by the scheduling orders established by this Court. The Court accordingly **DENIES** as moot the Plaintiffs' motion for an extension of time to respond to the Defendants' discovery requests. [Doc. 39.]

Furthermore, if Plaintiff Disabled Patriots is dismissed from this lawsuit, the Court will grant in part the Plaintiffs' motion to file a third amended complaint to the extent that they request permission to narrow the scope of relief sought to remedial measures relevant to discriminatory barriers encountered by wheelchair bound individuals with disabilities that are similarly situated to Plaintiff Kramer.

IT IS SO ORDERED.


Dated: November 20, 2007					s/	*James S. Gwin*
							JAMES S. GWIN
							UNITED STATES DISTRICT JUDGE